UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABENI BLOODWORTH,<br><br>   Plaintiff,<br><br>  v.<br><br>NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, and DERRICK JOHNSON,<br><br>   Defendants. | **CIVIL ACTION NO. 7:18-cv-9227 (VM)** |

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendants hereby answer the Complaint of Plaintiff Abeni Bloodworth ("Ms. Bloodworth" or "Plaintiff") in accordance with the numbered paragraphs thereof as follows:

## NATURE OF THE ACTION

Admit that Plaintiff seeks to sue Defendants under the Family Medical Leave Act, but deny all remaining allegations in the Nature of the Action Paragraph.

## JURY DEMAND

1. Admit that Plaintiff purports to request a jury trial, but denies Plaintiff is entitled to a trial by jury.

## JURISDICTION, PARTIES AND VENUE

2. Paragraph 2 of the Complaint sets forth conclusions of law to which no response is required, but to the extent a response is required, denied.

3. Paragraph 3 of the Complaint sets forth conclusions of law to which no response is required, but to the extent a response is required, denied.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. Admit the allegations set forth in Paragraph 5 of the Complaint.

6. Admit that Derrick Johnson, President of the NAACP acted directly or indirectly in the interest of the NAACP, but state that the remaining allegations in Paragraph 6 of the Complaint set forth conclusions of law to which no response is required, but to the extent a response is required, denied.

7. Admit the allegations set forth in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint sets forth conclusions of law to which no response is required, but to the extent a response is required, denied.

9. Paragraph 9 of the Complaint sets forth conclusions of law to which no response is required, but to the extent a response is required, denied.

### FACTS

10. Admit the allegations set forth in Paragraph 10 of the Complaint.

11. Deny the allegations set forth in Paragraph 11 of the Complaint.

12. Deny the allegations set forth in Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Deny the allegations set forth in Paragraph 14 of the Complaint.

15. Admit that Plaintiff returned to her former position as Director of Foundation Relations on or about June 27, 2018, but deny the remaining allegations in the Complaint.

16. Deny the allegations set forth in Paragraph 16 of the Complaint.

17. Deny the allegations set forth in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint sets forth conclusions of law to which no response is required, to the extent a response is required, deny that Defendants violated the Family Medical Leave Act or that Plaintiff made a lawful and valid claim under the Act.

19. Deny the allegations set forth in Paragraph 19 of the Complaint.

20. Deny the allegations set forth in Paragraph 20 of the Complaint.

21. Deny the allegations set forth in Paragraph 21 of the Complaint.

22. Deny the allegations set forth in Paragraph 22 of the Complaint.

23. Deny the allegations set forth in Paragraph 23 of the Complaint.

24. Deny the allegations set forth in Paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint regarding Plaintiff's health problems, but deny the remaining allegations in the Paragraph.

26. Deny the allegations set forth in Paragraph 26 of the Complaint.

27. Deny the allegations set forth in Paragraph 27 of the Complaint.

28. Deny the allegations set forth in Paragraph 28 of the Complaint.

29. Deny the allegations set forth in Paragraph 29 of the Complaint.

30. Deny the allegations set forth in Paragraph 30 of the Complaint.

31. Deny the allegations set forth in Paragraph 31 of the Complaint.

32. Deny the allegations set forth in Paragraph 32 of the Complaint.

33. Deny the allegations set forth in Paragraph 33 of the Complaint.

34. Admit that one of Plaintiff's jobs, like other NAACP executives, was to check that money from NAACP's funds was spent from appropriate sources, when funds were earmarked to be used for specific purposes and ensure that grant funds with specific purposes were not spent on

general budget items, but deny the remaining allegations set forth in Paragraph 34 of the Complaint.

35. Deny the allegations set forth in Paragraph 35 of the Complaint.

36. Deny the allegations set forth in Paragraph 36 of the Complaint.

37. Deny the allegations set forth in Paragraph 37 of the Complaint.

38. Deny the allegations set forth in Paragraph 38 of the Complaint.

39. Deny the allegations set forth in Paragraph 39 of the Complaint.

## CAUSES OF ACTION

40. The foregoing paragraphs are incorporated herein by reference as if fully set forth.

41. Deny the allegations set forth in Paragraph 41 of the Complaint.

42. Deny the allegations set forth in Paragraph 42 of the Complaint.

43. Deny the allegations set forth in Paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any allegations asserted in the Complaint, Defendants assert the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue on which they would not otherwise bear such burden.

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

3. Plaintiff has a duty to mitigate any damages actually suffered by her, and her failure to do so limits or eliminates any right to recovery to the extent of her failure to mitigate her alleged damages.

4. To the extent Plaintiff's claims are subject to statutory caps or other limitations on remedies, any damages awarded must be reduced to the level of the caps or other limitations.

5. Plaintiff's damages, if any, are limited or barred because they are speculative.

6. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

7. All actions taken by Defendants were taken in good faith and were based upon legitimate, non-discriminatory, non-harassing and non-retaliatory reasons.

8. Defendants maintain and enforce policies that prohibit unlawful discrimination, and provide a mechanism by which employees may seek redress where unlawful workplace discrimination is alleged.

9. Plaintiff unreasonably failed to avail herself of the complaint mechanism provided by Defendants to address alleged unlawful workplace discrimination.

10. The challenged actions about which Plaintiff complains would still have been taken irrespective of any alleged impermissible motivating factor.

11. Plaintiff's claims are barred because no adverse employment action was taken because of any FMLA-protected conduct.

12. To the extent, if any, that Defendants are found to have violated the FMLA, Plaintiff is not entitled to liquidated damages because any act or omission was in good faith and Defendants had reasonable grounds for believing that any such act or omission was not a violation of the FMLA.

13. To the extent, if any, that Defendants are found to have violated the FMLA, Defendants' violation was not willful.

14. Plaintiff has been damaged as alleged (which Defendants deny), such damages were caused by her own acts or failure to act, or were caused in whole or in part by factors other than those enumerated in the Complaint.

15. To the extent any employee engaged in any unlawful conduct, such conduct was committed outside the course and scope of such employee's employment, was not authorized, adopted or ratified by Defendants, and/or Defendants did not know, nor should it have known, of such conduct.

16. While denying that Plaintiff suffered or is entitled to any damages, to the extent Plaintiff may seek damages, her damages, if any, shall be reduced, in whole or in part, to the extent that Defendants discover after-acquired evidence of wrongdoing by Plaintiff for which she would have been terminated.

17. Defendants will assert additional defenses as warranted by the discovery of additional facts. Defendants will rely on each and every defense that may become known during the course of this litigation, including discovery, trial, or otherwise.

## COUNTERCLAIM

Counterclaimant NAACP, by its attorneys, Littler Mendelson, P.C., for its counterclaim against Plaintiff in the above-captioned action, alleges as follows:

### NATURE OF COUNTERCLAIM

1. NAACP brings a counterclaim for unjust enrichment against Plaintiff.

### JURISDICTION

2. This Court has jurisdiction over this counterclaim pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367 and/or Fed. R. Civ. P. 13.

3. This counterclaim arises out of the same transaction/occurrence that is the subject

matter of Plaintiff's Complaint and does not require adding another party over whom the Court cannot acquire jurisdiction.

## PARTIES

4. At all times relevant hereto, NAACP is a corporation organized under the laws of the State of New York.

5. At all times relevant hereto, upon information and belief, Plaintiff was a resident of the County of Kings, State of New York.

## RELEVANT FACTUAL BACKGROUND

6. Effective on or about January 1, 2018, Plaintiff assumed the Interim, Chief Development Officer position for NAACP.

7. NAACP agreed to provide Plaintiff with additional compensation (above and beyond that which she was receiving for her duties as Director, Foundation Relations), during the time Plaintiff performed job responsibilities consistent with the Interim, Chief Development Officer position. This compensation was referred to as "out of title pay."

8. In or around June 2018, NAACP discovered an administrative error in the calculation of Plaintiff's "out of title pay" which resulted in an overpayment to Plaintiff above and beyond the amount agreed to for her assumption of the Interim, Chief Development Officer duties.

9. Plaintiff acknowledged receipt of the overpayment and discussed repayment options with NAACP.

10. However, as of August 14, 2018, the last day of Plaintiff's employment with NAACP, approximately $15,000 in connection with the "out of title pay" overpayment remained outstanding to NAACP.

11. To date, Plaintiff has not contacted NAACP to repay the "out of title pay" of

approximately $15,000 paid to Plaintiff in error, but not actually earned by Plaintiff.

## **FIRST COUNTERCLAIM AGAINST PLAINTIFF - UNJUST ENRICHMENT**

12. The foregoing paragraphs are incorporated herein by reference as if fully set forth.

13. Plaintiff was not entitled to the entire amount of "out of title pay" that she received during the time that she assumed the duties of the Interim, Chief Development Officer position, because the amount actually paid was provided to her in error, and was more than she actually should have received.

14. Plaintiff acknowledged the overpayment from NAACP and discussed repayment options.

15. Nonetheless, Plaintiff kept the extra compensation erroneously given to Plaintiff by NAACP, to which she was not entitled, and made no effort to return the value of those benefits to NAACP.

16. As a result of Plaintiff wrongfully retaining the extra compensation erroneously given to her, which was not due to her, Plaintiff has been unjustly enriched at the expense of NAACP.

WHEREFORE, Defendants respectfully request that this Court: (a) dismiss the Complaint, in its entirety and with prejudice; (b) find against Plaintiff on Defendant NAACP's counterclaims, plus interest; (c) award to Defendant NAACP its costs and expenses incurred herein, including reasonable attorneys' fees; and, (d) grant such other relief as to the Court deems just and proper.

Dated: February 19, 2019

*/s/ Kimberly N. Dobson*
S. Jeanine Conley (NY # 4153383)
Kimberly N. Dobson
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
(267) 402-3000 (t)
(267) 402-3131 (f)
jconley@littler.com
kdobson@littler.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Kimberly N. Dobson, hereby certify that on this 19th day of February, 2019, the foregoing Answer to Complaint and Affirmative Defense was filed using the Court's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

/s/ *Kimberly N. Dobson*
Kimberly N. Dobson

Dated: February 19, 2019
Melville, New York